## (January 24, 1968)

■ BARNET WEINSTEIN & SONS, INC., Respondent, v. DIC CONCRETE CORP. et al., Appellants, and FAIRFIELD TOWERS HOUSING CORP. et al., Respondents, et al., Defendants. (36NE) — Appeal by defendants Dic Concrete Corp. and Transamerica Insurance Company from an order of the Supreme Court, Kings County, dated October 9, 1967, which granted plaintiff's motion for permission to file [with the note of issue] a readiness statement, with leave to plaintiff to conduct, on a specified adjourned date or on any other adjourned date, the pretrial examination of the defendant Dic Concrete Corp. Order affirmed, without costs. Plaintiff's pending pretrial examination of the defendant Dic Concrete Corp. shall be completed on Wednesday, January 31, 1968. [See decision in companion appeal, *Weinstein & Sons* v. *Dic Concrete Corp.*, 29 A D 2d 683.] Christ, Acting P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.

■ BARNET WEINSTEIN & SONS, INC., Respondent, v. DIC CONCRETE CORP. et al., Appellants. (Action No. 1.) BARNET WEINSTEIN & SONS, INC., Respondent, v. DIC CONCRETE CORP. et al., Appellants, and FAIRFIELD TOWERS HOUSING CORP. et al., Respondents, et al., Defendants. (Action No. 2.) (And Five Other Actions.) (35NE) — Appeal by the 10 defendants (Dic Concrete Corp., et al.) named as appellants in the notice of appeal, from an order of the Supreme Court, Nassau County, dated October 9, 1967, denying their motion to consolidate the last six actions specified in the caption with the first action. All the seven actions were instituted by the same plaintiff corporation, Barnet Weinstein & Sons, Inc. The first action specified in the caption was instituted first; it was brought in the Supreme Court, Nassau County; and it is essentially to recover the price of steel bars sold and delivered by plaintiff to the defendant Dic Concrete Corp. for installation in six different building projects. In that action the defendant Dic has asserted a counterclaim alleging that plaintiff failed to deliver the bars when it was required to do so and that, by reason of plaintiff's failure to make timely delivery, Dic was compelled: (a) to purchase the bars from other suppliers at higher prices, and (b) to pay for additional labor; and Dic seeks to recover its damages from the plaintiff. With respect to this first action, it is to be noted: (1) that the claims alleged in both the complaint and in the said counterclaim are cognizable at law; (2) that such claims are triable by a jury, and (3) that the action has not yet been placed on the Trial Term Calendar in the Supreme Court, Nassau County. The last six actions specified in the caption are to foreclose mechanic's liens filed by the plaintiff upon said six construction projects which are located in Kings, Queens, New York and Bronx Counties. Each of the liens has been bonded. One of such actions [Action No. 2] is the major action since it involves the largest amount; that action is pending in the Supreme Court, Kings County. The other five actions are pending, respectively, in the Supreme Court, Queens County, New York County and Bronx County. In each of these foreclosure actions the defendant Dic has interposed the same counterclaim as in the first action to recover the price of the goods sold and delivered. In addition, in Action No. 2 the defendant Dic asserted a cross claim against the defendant Welbilt Concrete Construction Corp. based upon its indemnity agreement with respect to the mechanic's liens; and the two defendants, Fairfield Towers Housing Corp. and George H. Nutman, Inc., have asserted cross claims against the defendant Dic based upon its breach of contract with them. With respect to these six foreclosure actions it is to be noted: (1) that, while the cause alleged in the complaint is in equity, the counterclaim is at law; (2) that the foreclosure action [Action No. 2] which is pending in Kings County is now on the Special Term Calendar and had been reached for trial but by this court's order the trial had been stayed pending the two appeals

(No. 35 NE and 36 NE); (3) that in such Action No. 2 an order was made on October 9, 1967 granting permission to plaintiff to file with its note of issue a readiness statement and extending its time to conduct its pretrial examination of the defendant Dic — this order being the subject of the companion appeal (No. 36 NE); and (4) that the remaining five foreclosure actions have not yet been placed on any calendar for trial. Upon the argument of this appeal and the companion appeal the parties expressed a willingness to have all the actions consolidated and to proceed to trial promptly in Kings County, subject to their reservation of rights with respect to pretrial disclosures and with respect to a jury trial on certain of the issues — such rights to be agreed upon by the parties and to be set forth in the orders to be entered on the appeals. The parties being unable to agree, the following is the decision of the court upon the merits: Order of the Supreme Court, Nassau County, dated October 9, 1967, reversed without costs; and the motion of the 10 moving defendants for consolidation is granted to the extent of consolidating, subject to the directions stated below, the six actions pending respectively in the counties of Nassau, Queens, New York and Bronx Counties (Actions Nos. 1, 3, 4, 5, 6 and 7) with the pending foreclosure action in Kings County (Action No. 2). In all other respects, the said motion is denied. The stay of the trial in Action No. 2 heretofore granted by this court is hereby vacated; and the seven actions as thus consolidated are remitted to the Special Term of the Supreme Court, Kings County, for further proceedings in accordance herewith. With respect to the trial of the seven consolidated actions and with respect to the pretrial proceedings therein, the following directions are hereby made: (1) The consolidated actions shall be given a preference in trial upon the Equity Calendar at Special Term in the Supreme Court, Kings County; and the trial shall proceed on February 13, 1968 or as soon thereafter as the justice presiding at the Special Term may fix. The respective clerks of the Supreme Court in Nassau, Queens, New York and Bronx Counties shall transfer all the original file papers (in Actions Nos. 1, 3, 4, 5, 6 and·7) to the Clerk of the Supreme Court, Kings County. (2) The defendant Dic Corp. shall continue its pending pretrial examination of the plaintiff and its pending discovery of plaintiff's records on Wednesday, January 31, 1968, immediately upon the termination of the plaintiff's pretrial examination of the said defendant as directed by this court's decision on the companion appeal (No. 36 NE); and the defendant Dic shall complete its said pretrial examination and discovery not later than the following day. The parties, however, may stipulate in writing to vary the dates and place of the said defendant's pretrial examination of the plaintiff and the said defendant's said discovery of plaintiff's records; or the parties may stipulate in writing to waive any further pretrial examination and discovery, and in lieu thereof may substitute written interrogatories pursuant to CPLR 3130–3134. These pretrial proceedings between plaintiff and defendant Dic, however, shall not be permitted to delay the trial of the consolidated actions between them. (3) The consolidation as herein directed is without prejudice to whatever rights the respective parties to the cross claims may have to pretrial disclosure from each other. Any proceeding to compel such disclosure, however, must be instituted and completed promptly and in no event shall be permitted to delay the trial of the consolidated actions as between the plaintiff and the defendant Dic. (4) The consolidation as herein directed is without prejudice to whatever right any of the parties may have to a jury trial of any of the issues in the consolidated actions. (5) An application for a jury trial of any issue must be made to the justice presiding upon the trial of the consolidated actions. Since the material issues are the same in all seven actions, the interests of justice and the proper exercise of discretion require that the actions be consolidated and tried together in the county where

a prompt trial may be had without prejudice to the substantial rights of any party. In our opinion a prompt trial may be had in Kings County and the consolidation will not prejudice the substantial rights of any party. It is our intention that these consolidated actions shall proceed to trial as promptly as possible in Kings County; that the pretrial disclosure proceedings by any party shall not be permitted to delay the trial between plaintiff and the defendant Dic Corp. beyond February 13, 1968; and that if any party believes it is entitled to a jury trial of any of the issues in the consolidated actions (a question upon which we do not pass at this time), an application for such jury trial shall be made upon the trial of the consolidated actions and shall be determined upon the basis of the facts and circumstances then existing; and, if granted, the jury trial shall be held forthwith before the same Justice and shall not be permitted to unduly retard either the trial of the consolidated actions or the court's final decision upon the merits. Christ, Acting P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.